ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DEL MAR REPRESENTADO POR SU JUNTA DE DIRECTORES<br><br>Recurridos<br><br>V.<br><br>SUCESIÓN DE JAIME ENRIQUE RIVERO CERVERA Y OTROS<br><br>Peticionarios | TA2026AP00210 | *Apelación se acoge como Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2023CV03856<br><br>Sobre:<br><br>Cobro de Dinero (Vía Ordinaria) |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 31 de marzo de 2026.

Recibido el escrito de Apelación el 26 de febrero de 2026 y en vista de que se anunció por la parte Peticionaria recurrir de una determinación contra una Orden del Tribunal de Primera Instancia, Sala de Carlina (TPI) al amparo de la Regla 49.2 de las de Procedimiento Civil, se acogió el mismo como un auto de Certiorari, mediante Resolución del 27 de febrero de 2026, pero se mantuvo el alfanumérico asignado. Este tribunal ha evaluado escrito de todas las partes y estamos en posición de resolver.

## I.

El 12 de enero de 2023 se presenta demanda de cobro de dinero. Los aquí peticionarios fueron demandados y los aquí recurridos, demandantes.

En la demanda se reclama a la Sucesión de Jaime Enrique Rivero Cervera, unos dineros relacionados al apartamento en el Condominio Villas del Mar, localizado en Isla Verde, Carolina.

Se reclamó en las alegaciones que desconocían el nombre y dirección de los herederos de Don Jaime, excepto el de su viuda Hilda Calderón, la cual tampoco ellos le conocían un lugar de residencia en Estados Unidos de América, pero sabían que no vivía en el apartamento en cuestión. No obstante, la parte demandante expresó que la demandada, Hilda Calderón había fallecido.

Surge además una Declaración Jurada del emplazador Juan Esteban Martínez Vargas, que identifica con precisión la dirección física de la heredera Lizette Rivero Calderón, en el estado de la Florida en la dirección 7622 NW 113 Path, Miami, FL 33178. Se reclama que los aquí recurridos conocían ese detalle ofrecido en esa declaración jurada y nada le notificaron a esa dirección.

Luego de varios trámites y de emplazar a los demandados por edictos, incluyendo a la demandada Hilda Calderón, quien había fallecido, se les anota la rebeldía a estos, a pesar de que solo se notifican los emplazamientos solo a la dirección del apartamento en el Condominio que los allí demandantes sabían que nadie allí vivía. El emplazamiento por edicto de éstos se notificó solamente a la dirección del apartamento en el Condominio Villas del Mar.

Finalmente se dictó la Sentencia en Rebeldía el 24 de septiembre de 2024, la cual se notificó el 27 de septiembre de 2024, notificándose únicamente a la dirección del inmueble objeto del caso. Nunca se envió una notificación la dirección que ellos conocían vivía al menos uno de los herederos en el Estado de Florida.

Luego de dictada la Sentencia comienza el proceso de ejecución y el 25 de agosto de 2025 se celebró la subasta pública del inmueble. La subasta pública se celebró y la propiedad se adjudicó al licitador Edgardo Méndez Fontán.

El 15 de diciembre de 2025, la parte aquí peticionaria compareció para impugnar la subasta, denunciando la nulidad del proceso por falta de notificación adecuada a los herederos identificados en el expediente judicial. El 26 de enero de 2026, el TPI emitió una Resolución declarando "no ha lugar" la impugnación de la subasta, fundamentando que los herederos carecían de legitimación activa por no haber inscrito la titularidad en el Registro de la Propiedad. El 27 de enero de 2026, se notificó la Orden de Confirmación de Adjudicación o Venta Judicial, la cual autorizó al Alguacil a poner al licitador en posesión del inmueble y ordenó el lanzamiento de los ocupantes y sus bienes muebles.

Respecto a la Urgentísima Moción de Relevo de Sentencia y Solicitud de Otros Remedios (Enmendada), el 26 de febrero de 2026 el TPI notificó Orden extendiendo término de 20 días al Consejo para expresarse sobre el particular.

En cuanto a la Urgentísima Moción de Reconsideración, el mismo día que se presenta este Recurso, el 26 de febrero de 2026 TPI notificó Orden paralizando el lanzamiento hasta tanto no se haga una determinación en torno a la Urgentísima Moción de Relevo de Sentencia y Solicitud de Otros Remedios. Mediante Resolución del 11 de marzo de 2026, ya habiéndose presentado este recurso, es que el TPI declara No Ha Lugar la Urgentísima Moción de Reconsideración. Ello hace que el presente recurso se presentara prematuramente.

En el Recurso que aquí atendemos se detallaron los siguientes errores:

PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL AL DETERMINAR QUE LA PARTE DEMANDADA FUE EMPLAZADA CONFORME A DERECHO.

SEGUNDO ERROR: ERRÓ EL HONORABLE TRIBUNAL AL AUTORIZAR Y VALIDAR EL EMPLAZAMIENTO Y NOTIFICACIÓN POR EDICTO.

TERCER ERROR: ERRÓ EL HONORABLE TRIBUNAL AL ABROGARSE JURISDICCIÓN SOBRE LA PARTE DEMANDADA.

Veamos el derecho aplicable.

## II.

## A.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Freire Ruiz de Val v. Morales Román, 2024 TSPR129, 214 DPR ___ (2024); Mun. Aguada v. W Const. y Recovery Finance, 214 DPR 432, 448 (2024); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). De manera que, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. Freire Ruiz de Val v. Morales Román, *supra*; Torres Alvarado v. Madera Atiles, *supra*, pág. 500. Esto se debe a que los tribunales tienen la responsabilidad indelegable de evaluar, en primera instancia, su propia jurisdicción, así como la del foro del cual procede el recurso ante su consideración. Freire Ruiz de Val v. Morales Román, *supra*; Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254, 268 (2018). Por lo que, los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Freire Ruiz de Val v. Morales Román, *supra*; R&B Power. Inc. v. Junta de Subasta ASG, 213 DPR 685, 698 (2024); Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); Torres Alvarado v. Madera Atiles, *supra*, pág. 500.

Al cuestionarse la jurisdicción de un tribunal, por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, toda vez que éste incide directamente sobre la autoridad misma para adjudicar

un caso o controversia. Freire Ruiz de Val v. Morales Román, *supra*; Mun. Aguada v. W Const. y Recovery Finance, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*, pág. 268.

**B.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1. La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724, 735 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

La Regla 52.1 de Procedimiento Civil de 2009, *supra*, establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales, (2) asuntos relativos a privilegios evidenciarios, (3) anotaciones de rebeldía, (4) casos de relaciones de familia, (5) asuntos de interés público y (6) situaciones en las cuales esperar a la apelación constituye un fracaso irremediable a la justicia.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el

recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**C.**

Es norma reiterada que los tribunales solo podemos evaluar aquellos casos que son justiciables. Aponte Rosario et al. v. Pres. CEE II, 205 DPR 407, 451 (2020). Al respecto, "los propios tribunales deben preguntarse y evaluar si es o no apropiado entender en un determinado caso, mediante un análisis que les permite ejercer su discreción en cuanto al límite de su poder constitucional". Aponte Rosario et al. v. Pres. CEE II, *supra*, citando a Smith, Puig v. Oriental Bank, 170 DPR 73, 76 (2007). Por eso, en aras de proteger este principio, se han desarrollado ciertos criterios de justiciabilidad que demarcan la facultad de los tribunales para entender en un asunto traído ante sí. Aponte

Rosario et al. v. Pres. CEE II, *supra*; Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006). La doctrina de justiciabilidad se manifiesta en distintas instancias.  Así pues, no será justiciable aquella controversia en la que: (1) se trata de resolver una cuestión política; (2) una de las partes no tiene legitimación activa; (3) después que ha comenzado el pleito, hechos posteriores la convierten en académica; (4) las partes buscan obtener una opinión consultiva; o (5) se promueve un pleito que no está maduro. SLG Szendrey-Ramos v. Consejo Titulares, 184 DPR 133, 150 (2011); Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920, 932 (2011).

En consecuencia, cuando se trate de una determinación que está pendiente ante la consideración del Tribunal de Primera Instancia, y que aún no ha sido finalmente resuelta, la cuestión recurrida no estará madura para ser considerada por el foro apelativo intermedio. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  Es decir, "un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un 'recurso prematuro'. Torres Alvarado v. Madera Atiles, *supra*, pág. 500, citando a Yumac Home v. Empresas Massó, 194 DPR 96, 107(2015).

De manera que, en el ámbito procesal un recurso prematuro es aquel que es presentado en la secretaría de un tribunal apelativo antes del tiempo en el cual éste adquiere jurisdicción. Torres Martínez v. Torres Ghigliotty*, supra.*  En esos casos, un recurso prematuro,   al   igual   que   uno   tardío,   priva de jurisdicción al tribunal al cual se recurre. Torres Alvarado v. Madera Atiles, *supra*, pág. 501.  Esto, pues su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento todavía no ha nacido autoridad judicial o administrativa para acogerlo. Íd.  Entonces, si el tribunal no tiene jurisdicción,

solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Íd.

Expuesta la normativa aplicable, procedemos a resolver la controversia ante nuestra consideración.

### III.

Los peticionarios presentaron este recurso el 26 de febrero de 2026. El mismo se presenta contra una Resolución del TPI notificada el 27 de enero de 2026 y se declara No Ha Lugar la Moción de Impugnación de Subasta que presentaron los peticionarios el 26 de agosto de 2025.

El 26 de febrero de 2025 los peticionarios también presentan un Relevo de la Sentencia que se dictó el 27 de septiembre de 2024. El mismo 26 de febrero de 2025, el TPI emite orden para que los aquí recurridos se expresen en torno al Relevo de Sentencia.

El mismo 26 de febrero de 2026 que se presenta este recurso, los peticionarios presentan en TPI Urgentísima Moción de Reconsideración, y la parte aquí recurrida se opone a la Reconsideración presentada al TPI mediante moción del 10 de marzo del 2026. El 11 de marzo de 2026 el TPI declara No Ha Lugar esa Reconsideración.

Correctamente el 10 de marzo de 2026 la parte recurrida presenta Moción de Desestimación por Falta de Jurisdicción y hace la narración de eventos procesales que permiten concluir que el caso es prematuro.

Por tanto, el asunto que aquí se nos presentó, aún estaba pendiente para su disposición final en el foro primario a la fecha de la presentación. No es hasta el pasado 11 de marzo que nace la jurisdicción de este Tribunal, luego de la Resolución que emitió el TPI ese día.

De este modo, únicamente nos expresamos para desestimar la presente acción por falta de jurisdicción por prematuro el recurso.

## IV.

Por los fundamentos que anteceden, se desestima el presente recurso de *certiorari* por falta de jurisdicción, conforme la Regla 83 (B) (1) y (E) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, según enmendado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones